# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOSEPH M. ESULTANTE,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0007**  (BOR Appeal No. 2046130)
                    (Claim No. 2011011788)

**PRECISION MACHINE & HYDRAULIC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joseph M. Esultante, by J. Thomas Green, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Precision Machine & Hydraulic, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2011, in which the Board affirmed a June 30, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 20, 2011, decision denying authorization for a left knee arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Esultante worked for Precision Machine and Hydraulic, Inc. as a construction worker. He allegedly injured his left knee on September 17, 2010, when tightening a box wrench that slipped and hit his knee. The claim was held compensable for contusion of the knee and struck by blunt object. On February 21, 2011, the claims administrator denied authorization for a left knee arthroscopy. On January 26, 2011, Dr. Fazalare concluded the area of Mr. Esultante's pain and the area of the pathology on the MRI do not coincide. On February 11, 2011, Dr. Sethi concluded Mr. Esultante had reached maximum medical improvement and that the medial meniscus tear is not a direct result of the September 17, 2010, compensable injury. On February

15, 2011, Dr. Mukkamala recommended denying the requested surgery, and concluded that the tear was not causally related to the compensable work injury

The Office of Judges affirmed the claims administrator's decision, and held there is insufficient evidence of record to support a finding that the requested surgery is medically related and reasonably required as a result of the work-related injury. On appeal, Mr. Esultante disagrees and asserts that he has a posterior tear of the medial meniscus in his left knee which is shown by his January 7, 2011, MRI and that the identification of this injury as a contusion is wrong based on his testimony and the MRI findings. Precision Machine and Hydraulic, Inc. maintains that the only compensable injury is contusion of the knee and no reliable medical evidence causally linked Mr. Esultante's tear in the posterior medial meniscus to the work-related injury.

The Office of Judges stated that the claim has not been held compensable for a tear of the posterior medial meniscus, and concluded the causal link was not supported by the medical evidence. Dr. Fazalare and Dr. Sethi found that the mechanism of the injury is not consistent with the MRI findings of a tear in the medial meniscus. Dr. Mukkamala concluded that the causal link between the work-related injury of September 17, 2010, and the meniscal tear was absent, and that the requested surgery should be denied. There is no evidence of record that finds the requested surgery medically and reasonably related to the September 17, 2010, injury. Ultimately, the Office of Judges concluded the only evidence submitted by Mr. Esultante in support of his argument was his deposition, which is insufficient to satisfy his burden of proof. The Board of Review reached the same reasoned conclusions in its decision of December 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II